IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT WAYNE DECKER | : | |
| Petitioner | : | |
| v | : | Civil Action No. DKC-06-2001 |
| SOCIAL SECURITY ADMINISTRATION | : | |
| Respondent | : | |

o0o

**MEMORANDUM**

Pending in the above-captioned case is Respondent's Motion to Dismiss. Paper No. 7. Petitioner has filed a Response in Opposition to the motion, and the matter is now ripe for this court's review. Paper No. 11. A hearing in this matter is unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Respondent's motion shall be granted.

Background

This case was filed pursuant to the Federal Freedom of Information Act. *See* 5 U.S.C. § 552. Petitioner claims that he was not provided with a timely response to his request for records from the Social Security Administration and that the information provided did not address all of his requests. Paper No. 1. Specifically, Petitioner requested the following information:

> [F]ull disclosure and release of all records and/or data contained in the files of your Department and/or Agency under my name and/or identifier to my name.
>
> The records sought specifically but not limited to are compiled files concerning, as well as: (1) Certified true and correct color copies of both front and back of the Social Security Card issued and for ROBERT WAYNE DECKER, Social Security Account Number [XXX]; (2) Certified true and correct copy of both front and back of the Original application for Social Security Card and Account originally filed by ROBERT WAYNE DECKER, Social Security Account No. [XXX]; (3) Date that the Original Social Security Card was issued and the Social Security Account No.[XXX] was opened; (4) Certified true and correct copies of all deposits of funds paid or transferred into the Social Security Account No.[XXX] from the date

>of the inception of said account to the present, and (a) by whom paid (names and addresses) (b) when paid into the account; (5) The significance of the Bond number noted and listed on the reverse of the Social Card of and for ROBERT WAYNE DECKER, Social Security Account No. [XXX]; including but not limited to (a) the purpose of the Bond(s), (b) the value of said Bond(s), (c) who (names and addresses) holds said Bond(s), (d) and any and all files, records, data and information pertinent to any Bonds(s) and the Social Security Account No. [XXX] of ROBERT WAYNE DECKER; (b) What Federal Reserve Notes have been issued utilizing the specific Bond numbers or any form thereof of the number which is listed on the reverse of the Social Security card for the Social Security Account No.[XXX] for ROBERT WAYNE DECKER, . . . .

Paper No. 7 at p. 4. Petitioner states that he mailed his request for this information on June 16, 2006, and received a return receipt delivery card indicating that his request was received on June 20, 2006. Paper No. 1 at p. 2. He further asserts that he did not receive a response to his request on or before July 20, 2006, the date he asserts the statutory time period expired. *Id*. at p. 3.

Petitioner admits he received a response from Respondent, but alleges the response did not provide him with the information he requested and did not provide a reason for the failure to provide the information. *Id*. The record confirms, however, that the response to Petitioner's request, dated July 20, 2006, requires Petitioner to provide the agency with more information about the records he requested so that a search could be conducted to comply with his request. Paper No. 7 at Ex. 2. It further explained the steps Petitioner needed to take in the event he was requesting information about earnings and future benefits, provided a form for Petitioner to fill out to request that information, and provided information for purposes of determining the appropriate Social Security Office to contact. *Id*. The response also explained that, in the event earnings and future benefits information was not being sought, Petitioner would need to identify the systems of records he wanted searched. It also provided contact information for purposes of obtaining a list of the systems of records maintained. *Id*. In addition, Petitioner was informed that a fee for information

concerning his Social Security number record would have to paid in order for the information to be sent to him. *Id*. It was explained that a photocopy of Petitioner's original application for a Social Security Number could be provided to him upon payment of the applicable fee. *Id*. Finally, Petitioner was provided with information on how and where to send the applicable payment for the information requested. *Id*. at p. 2.

Upon receipt of Petitioner's certificate of service regarding failure to respond to a FOIA request, Respondent again contacted him by letter dated August 30, 2006. Paper No. 7 at Ex. 3. That letter explained that Petitioner's request for a certified copy of the front and back of his Social Security card as well as his original application and other information associated with his Social Security Number could not be provided because copies of Social Security cards are not maintained by the agency and the back of applications are not microfilmed. *Id*. It was further explained to Petitioner that it cost $27.00 to search for a copy of the application, with an additional $10.00 charge for a certified copy. *Id*. Petitioner's inquiries about his Social Security "account" were addressed by the agency when it was explained that Social Security does not maintain records of deposits or funds coming into or out of individual accounts, because the money is instead paid into the Social Security Trust Funds. *Id*. at p. 2. Petitioner's request for a copy of the back of his Social Security card, specifically depicting a bond number, was addressed by the agency when it informed Petitioner that agency personnel did not know what he was talking about. *Id*. Petitioner's request for a fee waiver was reviewed and denied based on the determination that he did not meet the standards as set forth in 20 C.F.R. §402.185, permitting fee waivers where disclosure of the information requested is in the public interest. *Id*. Specifically, the agency noted that the decision to deny Petitioner's fee waiver was based on the determination that his request for information was not directly related to the administration of a program under the Social Security Act and did not appear

likely to contribute significantly to public understanding of government operations or activities. *Id*.

## Standard of Review

Under the Federal Freedom of Information Act, federal agencies are required upon request to promptly make available records where the request reasonably describes the records requested and is made in accordance with published rules. *See* 5 U.S.C. §552(a)(3)(A). Records which are properly requested must be provided in any form or format requested by the person if it is readily reproducible in that form. *See* 5 U.S.C. §552(a)(3)(B). Each agency is required to publish information in order to assist the public in providing a proper request, including:

> (A) descriptions of its central and field organization and the established places at which, the employees (and in the case of a uniformed service, the members) from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions;
>
>> (B) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;
>
> (C) rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;
>
> (D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and
>
> (E) each amendment, revision, or repeal of the foregoing.

5 U.S.C. §552(a)(1).

The regulations applicable to Respondent provide, in relevant part, that a request for records must specify which systems of records the requestor wishes searched and the records to which the requestor seeks access. *See* 20 C.F.R. § 401.40 (b). In addition, fees for search of records and duplication of documents are permitted by the agency's regulations. *See* 20 C.F.R. §402.160.

Each agency is required to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination and . . . make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. §552(a)(6)(A)(i) and (ii).

Analysis

Petitioner's request was received by Respondent on June 21, 2006. *See* Paper No. 7 at Ex. 1. A determination regarding the request was made on July 20, 2006. *Id.* There is no requirement that Petitioner receive the response within 20 days of the receipt of his response and the applicable time frame excludes Saturdays, Sundays and holidays. Accordingly, the response was timely.

Petitioner's original request did not comply with the requirements set forth in the regulations. He was provided information on how to rectify the problems with his request, but did not amend his request to comport with those instructions. To the extent that portions of Petitioner's request sought information or documentation that does not exist, the failure to provide it does not violate the Freedom of Information Act and this court cannot compel Respondent to provide it. Respondent has complied with its obligations under the Freedom of Information Act, and the Complaint will be dismissed by separate Order which follows.

____11/20/06_____                    _____/s/_____
Date                                         DEBORAH K. CHASANOW
                                             United States District Judge